UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARZEL FOSTER,

        Plaintiff,                         Case No. 12-12776

v.                                               Paul D. Borman
                                                United States District Judge

WELLS FARGO, et al.

        Defendants.
_____/

## ORDER (1) DISMISSING CASE FOR LACK OF JURISDICTION AND (2) DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 2), PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL (ECF NO. 3) AND PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (ECF NO. 6)

On June 25, 2012, Plaintiff filed this action which was assigned to United States District Judge George Caram Steeh. (ECF No. 1, Complaint.) On July 9, 2012, Plaintiff filed an Amended Complaint (ECF No. 5) and on July 13, 2012, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 6). On July 23, 2012, the case was reassigned to this Court as a companion to a case previously dismissed by this Court that is currently on appeal to the Sixth Circuit, *Foster v. Argent Mortgage, et al.*, Case No. 07-11250. (ECF No. 7, Order of Reassignment.)

This Court declines to exercise jurisdiction over this action because the subject matter of this Complaint, *i.e.* Plaintiff's eviction from his home for defaulting on his mortgage in 2007, is also the subject matter of Plaintiff's previously-dismissed case in this Court, No. 07-11250, which is currently on appeal to the Sixth Circuit. *Foster v. Argent Mortgage, et al.*, No. 10-1851. On May

22, 2012, Sixth Circuit affirmed this Court's June 29, 2012 Order denying Plaintiff's post-judgment motions. Currently pending in the Sixth Circuit is Plaintiff's petition for rehearing en banc, filed on June 19, 2012. Plaintiff acknowledges that these cases involve the identical subject matter, explaining in his new Complaint filed in this Court that he informed state court Judge Susan Moiseev that this is "an ongoing case in U.S. Court of Appeals case no. 10-1851 2010." (ECF No. 5, p. 2.) Plaintiff has also filed motions in the Court of Appeals case No. 10-1851 seeking the same relief he currently seeks in this Court. *See* Plaintiff's Motion to Stay 46th District Court Case No. LT 12-2860 (filed in the Court of Appeals on June 25, 2012) and Plaintiff's Motion for Temporary Restraining Order and Injunctive Relief (filed in the Court of Appeals on July 16, 2012), which is identical to the motion for injunctive relief filed in this Court (ECF No. 6).

The filing of an appeal "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal."[1] *Maresse v. Am. Academy of Orthopaedic Surgeons,* 470 U.S. 373, 379 (1985) (citing *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)). Although the district court retains jurisdiction over matters that may aid in the appeal, *see Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir. 1981), in the instant case Plaintiff in essence is asking this Court to reverse its earlier dismissal and grant Plaintiff the relief to which the Court has already concluded he is not entitled. Thus, the matter would not aid in the appeal but would impermissibly enlarge the judgment on appeal. *See Long v. MERS,* No. 11-12800, 2012 WL 3134216, at * 1 (E.D. Mich. Aug. 1, 2012) (applying *Griggs* and *Cochran* and denying plaintiff's

---

[1] Although Plaintiff now seeks relief in this Court through a newly-filed action involving the very same matters that are currently on appeal, that action has been appropriately reassigned to this Court as a companion to Plaintiff's earlier-dismissed action in this Court. The Court sees no basis for permitting Plaintiff to avoid the rule divesting this Court of jurisdiction over the subject matter of his appeal by filing a separate action challenging the very matters that are subject of his appeal.

motion to stay a judgment dismissing plaintiff's claims where plaintiff was "essentially asking the Court to stay the very judgment" appealed and concluding that granting the stay therefore "would not aid the Court of Appeals in rendering its decision"); *Nikiforuk v. CitiMortgage, Inc.*, No. 11-10815, 2012 WL 2428176, at *1 (E.D. Mich. May 30, 2012) (applying *Cochran* and denying plaintiff's motion for a temporary restraining order seeking to enjoin defendants from foreclosing on plaintiff's mortgage where the court had dismissed plaintiff's claims, plaintiff had appealed and granting the requested injunctive relief would therefore enlarge the scope of the judgment pending appeal); *Beaudoin v. White*, No. 08-14289, 2010 WL 4822887, at *1 (E.D. Mich. Nov. 19, 2010) (denying plaintiff's request that the court assume jurisdiction over a state court action that involved the same subject matter as plaintiff's federal claim that was on appeal to the Sixth Circuit, holding that "Plaintiff's appeal involves similar subject matter as that involved in his state court action and, to the extent that he is seeking to advance additional arguments in support of his federal claim, the court lacks jurisdiction pending resolution of Plaintiff's appeal".)

This Court lacks jurisdiction over Plaintiff's claims and his requests for injunctive relief must be addressed to the Court of Appeals. Indeed, Plaintiff has filed in the Court of Appeals the same motion for injunctive relief that he filed in this Court.

Accordingly, the Court DISMISSES this case for lack of jurisdiction and DENIES AS MOOT Plaintiff's application to proceed *in forma pauperis* and for appointment of counsel (ECF Nos. 2, 3) and DENIES AS MOOT Plaintiff's motion for injunctive relief (ECF No. 6).

IT IS SO ORDERED.

Dated: 8-9-12

Paul D. Borman
United States District Judge

3